UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVENS J. WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-270-RLB** |
| **CAROLYN W. COLVIN,**<br>**ACTING COMMISSIONER**<br>**OF THE SOCIAL SECURITY**<br>**ADMINISTRATION** | **CONSENT** |

**RULING AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (R. Doc. 14), filed on October 6, 2015. Plaintiff filed an Opposition (R. Doc. 16), to which Defendant filed a Reply Memorandum (R. Doc. 17). For the reasons given below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's cause of action is **DISMISSED with prejudice**.

I.   **BACKGROUND**

Plaintiff became entitled to monthly retirement benefits from Social Security beginning in October of 2008. (R. Doc. 14-1 at 1); (R. Doc. 14-3 at 1). On June 12, 2013, Plaintiff received an Initial Determination notifying him that he had received an overpayment of $1,134.00 in benefits. (R. 14-4). Plaintiff requested reconsideration, but the Initial Determination was affirmed by the Commissioner on June 4, 2014. (R. Doc. 14-5).

On June 11, 2014, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. Doc. 14-6). On July 17, 2014, Plaintiff signed an Acknowledgement of Receipt (R.

Doc. 14-7), to confirm that he had received notice of his hearing, which was set for September 15, 2014. (R. Doc. 14-7). In his Acknowledgement, Plaintiff represented:

> I will be present at the time and place shown on the Notice of Hearing. If an emergency arises after I mail this form and I cannot be present, I will immediately notify you at the telephone number shown on the Notice of Hearing.

(R. Doc. 14-7). The Acknowledgement further noted that Plaintiff's "request for hearing may be dismissed if [he did] not attend the hearing and [could not] give a good reason for not attending." (R. Doc. 14-7).

Nonetheless, Plaintiff failed to attend his hearing on September 15, 2014. (R. Doc. 14-8 at 4). Because he failed to appear at the hearing and did not give a good reason — i.e., did not establish good cause — for his failure, Plaintiff's request for a hearing was dismissed by the ALJ on September 19, 2014 and the Initial Determination remained in effect. (R. Doc. 14-8 at 4-5). Plaintiff sought review of the ALJ's dismissal before the Appeals Council, but the Appeals Council declined his request for review on February 20, 2015. (R. Doc. 14-9). Because the Appeals Council declined review, the ALJ's dismissal of Plaintiff's request for a hearing became binding. *See* 20 C.F.R. § 404.959 ("The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council.").

Following the Appeals Council's refusal, Plaintiff filed the instant action on April 27, 2015. (R. Doc. 1). Defendant now moves to dismiss.

## II.   DISCUSSION

The Social Security Act "limits judicial review to a particular type" of agency action — "'final decision[s] of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)). An ALJ's dismissal of a claimant's request for a hearing, however, is not considered a "final decision" within the meaning of the Act. *Brandyburg v.*

*Sullivan*, 959 F.2d 555, 559-62 (5th Cir. 1992) (ALJ's dismissal of request for hearing "was not a 'final decision' subject to judicial review"); *Bannister v. Commissioner of Social Security Administration*, 2014 WL 2171220, at *1 (M.D. La. May 23, 2014) (same).  Therefore, the Court generally lacks subject matter jurisdiction to review these claims. *Hensley v. Califano*, 601 F.2d 216, 216 (5th Cir. 1979) (only "final decisions" are reviewable by federal courts).  Nonetheless, the Court does have jurisdiction over constitutional challenges to an otherwise non-reviewable decision. *Califano*, 430 U.S. at 108-09; *cf. Powell v. Shalala*, 41 F.3d 663, at *1-2 (5th Cir. 1994) ("Because Powell has not made a constitutional claim for reopening the case, . . . jurisdiction in the district court did not exist . . . .").

Here, the ALJ dismissed Plaintiff's request for a hearing after Plaintiff failed to appear at the hearing or show good cause for the alleged failure. (R. Doc. 14-8 at 4-5).  Because the ALJ's dismissal is not considered a "final decision," it is not subject to judicial review. *Brandyburg*, 959 F.2d at 561-62.  Therefore, the Court may only consider any constitutional claims raised by Plaintiff.

Plaintiff claims that his Fifth Amendment right to due process was violated when the ALJ dismissed his hearing request without giving him further notice or an "opportunity to present his reasons for missing the hearing." (R. Doc. 16-1 at 2).  However, Plaintiff's "mere allegation of a due process violation is not persuasive." *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) ("if the mere allegation of a denial of due process can suffice . . . then every decision of the Secretary would be reviewable by the inclusion of the magic words").

Moreover, Plaintiff is incorrect that he was entitled to further notice and an opportunity to be heard before his request for a hearing could be dismissed.  Instead, the regulations allow an ALJ to dismiss a hearing request if neither the claimant nor his representative "appears at the . . .

hearing" and the claimant has "been notified before the time set for the hearing that your request . . . may be dismissed *without further notice* if you did not appear . . . and good cause has not been found by the [ALJ] for [the claimant's] failure to appear." 20 C.F.R. § 404.957(b)(1)(i). In this case, Plaintiff did receive prior notice in the Acknowledgement of Receipt that if he failed to appear at the hearing, his request for a hearing may be dismissed. (R. Doc. 14-7). As such, the ALJ was under no obligation to notify Plaintiff prior to dismissal. Moreover, the Acknowledgement of Receipt instructed Plaintiff to call the Social Security Administration in the event he would not be able to attend the hearing. Plaintiff makes no claim that he took advantage of this opportunity to be heard.

The Act "guarantee[s] a reasonable opportunity for a hearing, rather than guaranteeing a hearing absolutely." *Brandyburg*, 959 F.2d at 560. Plaintiff was notified of his scheduled hearing and that his request was subject to dismissal if he failed to appear without good cause. Nonetheless, Plaintiff failed to attend his hearing or show good cause before the ALJ for his failure. Therefore, he was afforded all process that was due —notice and an opportunity to be heard — but failed to take advantage. For these reasons, his constitutional claim is without merit.

### III.   CONCLUSION

For the reasons given above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's cause of action is **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on April 29, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**